UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA M.,[1]<br>    Plaintiff<br>v.<br>KILOLO KIJAKAJI, Acting Commissioner of Social Security,<br>    Defendant. | Case No. 2:22-cv-07039-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.   PROCEDURAL HISTORY

Plaintiff Monica M. ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits ("DIB"). The parties filed consents to proceed before a United States Magistrate Judge [Dkt. 10, 12, and 14] and briefs [Dkt. 18 (Pl. Br.), 25 (Def. Br.), and 26 (Response)] addressing disputed issues in the case. The matter is now ready for decision. For the reasons set forth below, the Court finds that this matter should be remanded.

/ / /

---

[1]   In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff filed an application for DIB on September 23, 2019, alleging disability beginning February 22, 2018. [Dkt. 17, Administrative Record ("AR") 17, 206-07.] Plaintiff's application was denied at the initial level of review and on reconsideration. [AR 17, 137-41, 147-53.] A telephone hearing was held before Administrative Law Judge Henry Koltys ("the ALJ") on March 11, 2021. [AR 17, 71-101.]

On July 2, 2021, the ALJ issued an unfavorable decision applying the five-step sequential evaluation for assessing disability. [AR 17-26]; *see* 20 C.F.R. § 404.1520(b)-(g)(1). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 22, 2018, the alleged onset date. [AR 19.] At step two, the ALJ determined that Plaintiff has the following severe impairments: osteoarthritis; carpal tunnel syndrome; fibromyalgia; peripheral neuropathy; migraines; and obesity. [AR 19.] At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix I of the Regulations. [AR 20-21]; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1. Next, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 404.1567(b), except Plaintiff can frequently handle with the right upper extremity, must avoid concentrated exposure to environmental hazards, and can never climb ladders, ropes, or scaffolds. [AR 21.] At step four, the ALJ determined that Plaintiff is capable of performing her past relevant work as an administrative clerk and mortgage loan processor. [AR 26.] Therefore, the ALJ concluded that Plaintiff was not under a disability from February 22, 2018, through the date of the decision. [AR 26.]

The Appeals Council denied review of the ALJ's decision on July 25, 2022. [AR 1-7.] This action followed.

Plaintiff raises the following issues challenging the ALJ's findings and determination of non-disability:

1. The ALJ failed to properly evaluate medical opinion evidence. [Pl. Br. at 15-20.]
2. The ALJ erred in determining Plaintiff's severe impairments. [Pl. Br. at 21-23.]
3. The ALJ failed to properly evaluate Plaintiff's symptoms and testimony. [Pl. Br. at 23-25.]

The Commissioner asserts that the ALJ's decision is supported by substantial evidence and should be affirmed. [Def. Br. at 2-19.]

### III.  GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence … is 'more than a mere scintilla' … [i]t means – and only means – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) ("[s]ubstantial evidence is more than a mere scintilla but less than a preponderance") (internal quotation marks and citation omitted).

The Court will uphold the Commissioner's decision when "'the evidence is susceptible to more than one rational interpretation.'" *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). However, the Court may review only the reasons stated by the ALJ in the decision "and may not affirm the ALJ on a ground upon which he did not rely."

*Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or that, despite the error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

## IV.  DISCUSSION

Plaintiff contends that the ALJ erred in determining that she did not have a severe mental impairment. [Pl. Br. at 21-23.] Defendant contends that the ALJ properly decided the severity of Plaintiff's impairments and adequately considered the medical evidence in reaching his decision. [Def. Br. at 9-13.] Defendant also asserts that it is immaterial that the ALJ found Plaintiff's mental impairments non-severe at step two because the ALJ considered all of Plaintiff's impairments, regardless of severity, in the assessment of Plaintiff's RFC and later in the disability analysis. [Def. Br. at 9-10, 13.] For the reasons set forth below, the Court finds that the ALJ erred in determining that Plaintiff's mental impairment was not severe, and the error was not harmless.

The evaluation at step two is a "de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987). "At step two, the ALJ assesses whether the claimant has a medically severe impairment or combination of impairments that significantly limits [her] ability to do basic work activities." *Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005); 20 C.F.R. § 404.1520(c) ("If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment"). An impairment "may be found 'not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Webb*, 433 F.3d at 686-87 (quoting *Smolen*, 80

F.3d at 1290). A "finding of no disability at step two" may be affirmed when there is a "total absence of objective evidence of [a] severe medical impairment." *Webb*, 433 F.3d at 688.

Here, the ALJ determined that Plaintiff's medically determinable mental impairment of depression does not cause more than a minimal limitation in Plaintiff's ability to perform basic mental work activities and, therefore, is not a severe impairment. [AR 19-20.] In making this determination, the ALJ considered the four broad areas of mental functioning known as the "paragraph B" criteria. [AR 20]; *see* 20 C.F.R. § 404.1520a(c)(3) (identifying "four broad functional areas" as the ability to: "[u]nderstand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself.").[2] Finding that Plaintiff's mental status examinations since her alleged onset date were generally "within normal limits," the ALJ concluded that Plaintiff had "mild" limitations in the four areas of mental functioning. [AR 20.] In support of these findings, the ALJ asserted that Plaintiff's mental status examinations generally reflected that she was "calm and cooperative" with "appropriate mood and affect, normal insight, and normal judgment," there was "no indication that [she] was unable to concentrate at her medical appointments," and her "treatment providers did not note abnormalities in [her] thought process, fund of knowledge, or memory." [AR 20.] The ALJ also indicated that Plaintiff was "a caretaker" of her two small children. [AR 20.] Nevertheless, the ALJ acknowledged that Plaintiff's mental status examinations "frequently noted anxiety" and the record showed Plaintiff had an "anxious and depressed" mood, was "occasionally tearful and irritable," and complained about "difficulty concentrating," "excessive worry, fearful thoughts, []

---

[2] Under the "special technique regulation," if the ALJ determines that a medically determinable mental impairment exists, the ALJ "must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s) and document [the] findings" and "rate the degree of functional limitation resulting from the impairment(s)." 20 C.F.R. § 404.1520a(b)(1)-(2).

depressed mood," and "difficulty functioning." [AR 20.] The ALJ's reliance on the generally "normal" mental status examination findings to negate evidence of Plaintiff's mood and affect abnormalities is not persuasive.

The medical evidence established repeated and consistent instances of mental symptoms causing Plaintiff more than minimal limitations. For example, in February 2018, Plaintiff was observed to be anxious and crying. [AR 537.] In April 2018, Plaintiff was reported to struggle with depression, stress, and panic attacks. [AR 650.] In December 2018, Plaintiff's dysthymia symptoms were reported as severe and progressing. [AR 487.] In September 2019, Plaintiff was reported to be easily startled, experiencing fatigue and excessive worry, and presenting with a depressed mood and anxious, fearful, compulsive, and racing thoughts. [AR 455.] In November 2019, Plaintiff's behavior was observed to be anxious, despairing, guilty, odd, and tearful, with decreased effort, but she was noted to be cooperative and sincere. [AR 711.] Plaintiff's mood was described as anxious, depressed, frustrated, and irritable and her affect was congruent. [AR 711.] Plaintiff's doctors diagnosed Plaintiff with dysthymia, mood disorder with psychosis, and anxiety disorder and prescribed psychotropic medications, which provided a modest improvement in symptoms. [AR 457, 467, 472, 711-12, 1079, 1085, 1089, 1134.] In January 2021, Plaintiff's doctor reported that while Plaintiff's overall anxiety improved with medication, she was still experiencing depression, anxiety, panic, mood swings, and insomnia. [AR 1134.]

On this record, the ALJ's conclusion that Plaintiff's mental impairment does not meet the de minimis standard for establishing a severe impairment is not supported by substantial evidence. *See Webb*, 433 F.3d at 687 (explaining that ALJ's conclusion that "a claimant lacks a severe impairment or combination of impairments" is valid only when that conclusion is "clearly established by medical evidence") (internal quotation marks and citation omitted); *Ortiz v. Commissioner of Social Sec.*, 425 F. App'x 653, 655 (9th Cir. 2011) (noting that the ALJ's reliance

"on two mental evaluations diagnosing Ortiz with depressive and anxiety disorders but not ruling out either a learning disability or borderline intellectual functioning" was "not the total absence of objective evidence of severe medical impairment that would permit us to affirm a finding of no disability at step two.") (internal quotation marks and citation omitted).  Further, the fact that Plaintiff was a caretaker for her two young children is not a sufficient reason to find that Plaintiff's mental impairment is not severe at step two of the sequential evaluation.[3]

Moreover, the ALJ's error cannot be considered harmless.  An error is harmless only if it is "inconsequential" to the ALJ's "ultimate nondisability determination."  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (error harmless if "there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion."), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).  Here, aside from repeatedly citing the same erroneous reasons discussed above, the ALJ did not properly address Plaintiff's mental impairments in the subsequent steps of the sequential analysis.  [AR 19-20, 23-25.]  Thus, the ALJ's error in finding Plaintiff's mental impairments not "severe" was not harmless.  *Cf. Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (finding step two error harmless as the ALJ extensively discussed plaintiff's bursitis and its effects when identifying the basis for limitations in plaintiff's RFC).

Accordingly, the ALJ's step two determination is not supported by substantial evidence.

/ / /

/ / /

/ / /

---

[3]   The Court notes that the record reflects that Plaintiff received assistance in caring for her children.  [AR 93, 248-49, 1135.]

## V. REMAND FOR FURTHER PROCEEDINGS

The Court has discretion to remand or reverse and award benefits. *See Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017). It may be appropriate to direct an immediate award of benefits when the record has been fully developed, no useful purpose would be served by further proceedings, and the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014)). But when there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand for further proceedings is appropriate. *See Garrison*, 759 F.3d at 1021; *Harman v. Apfel*, 211 F.3d 1172, 1180-81 (9th Cir. 2000) (remand for further proceedings rather than for the immediate payment of benefits is appropriate where there are "sufficient unanswered questions in the record").

In this case, there are outstanding issues that must be resolved before a proper disability determination can be made, as the ALJ failed to adequately consider Plaintiff's mental impairment. *See Garrison*, 759 F.3d at 1021; *Harman*, 211 F.3d at 1180-81. Therefore, the Court remands this case for further proceedings.[4]

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[4] Having found that remand is warranted, the Court declines to address Plaintiff's remaining issues. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

## VI. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS ORDERED.**

DATED: September 11, 2023

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE